UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS MORTEN,<br><br>　　　Plaintiff,<br><br>v.<br><br>ANTHONY WILLIAMS, <u>et al.</u>,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 05-01098 (RJL)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff pleads a claim under 42 U.S.C. § 1983 against four official capacity defendants that is premised explicitly on a *respondeat superior* theory of liability. The Supreme Court, however, has held that § 1983 liability may not be premised on *respondeat superior*. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978). Plaintiff's complaint should therefore be dismissed. A memorandum of points and authorities in support of this motion and a proposed Order are submitted with it.

Upon information and belief, Plaintiff is currently a prisoner in the D.C. Jail and prisoners are not allowed to accept telephone calls. To seek consent, it would be necessary to visit with Plaintiff personally at the D.C. Jail. Defendant was not able to go to the D.C. Jail before the filing of this motion.

Dated: September 29, 2005                    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_Kimberly Johnson/_ _/s/_
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


_/s/ Wendel Hall_
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS MORTEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-01098 (RJL) |
| ANTHONY WILLIAMS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

This motion asks the Court to dismiss Plaintiff's complaint. Proceeding *pro se*, Plaintiff has filed a complaint alleging that the various individuals in their official capacities are liable under 42 U.S.C. § 1983 for alleged religious discrimination. The complaint should be dismissed because § 1983 liability cannot be premised on *respondeat superior*. In short, even if the complaint is construed as favorably as possible for Plaintiff, the complaint still should be dismissed as a matter of law.

**II.   STATEMENT OF FACTS**

On June 2, 2005, Plaintiff filed a complaint alleging violations of the First, Fifth, and Eighth Amendments to the Constitution. Plaintiff named Mayor Anthony Williams, Robert C. Boggs (Robert Bobb), Elwood York, and Larry Corbett as defendants. Plaintiff explicitly premised liability upon *respondeat superior*: "by Respondeat Superior are responsible for the

3

acts of their agents for the District of Columbia against a plaintiff [who] is a prisoner housed at DCDC since Dec 6 2004." Complaint, Statement of Claims. Plaintiff claimed that his right to due process was violated in grievance procedures and that this was cruel and unusual punishment. Plaintiff also alleged religious discrimination against Sunni Muslims "against written directives of warden's office." Complaint, Addendum.

### III.   ARGUMENT

**A.   Standard of Review.**

The Court recently articulated in the applicable standard of review as follows: "A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted when it appears 'beyond doubt' that there is no set of facts that plaintiffs can prove that will entitle them to relief. See Sparrow v. United Air Lines, Inc., 342 U.S. App. D.C. 268, 216 F.3d 1111, 1114 (D.C. Cir. 2000). 'Accordingly, at this stage in the proceedings, the Court must accept as true all of the complaint's factual allegations.' Johnson v. District of Columbia, 190 F. Supp. 2d 34, 39 (D.D.C. 2002)." We the People v. United States, 2005 U.S. Dist. LEXIS 20409 (D.D.C. 2005).

**B.   Defendants Cannot Be Held Liable Under 42 U.S.C. § 1983 "By Respondeat Superior."**

   1.   The Court Should Dismiss The Individual Defendants Because They Were Sued Only In Their Official Capacities.

Plaintiff names four individuals as Defendants. He premises their liability on their official acts and so is suing them in their official capacities. Because the claims are made against them in their official capacities, "they are tantamount to claims against the municipality itself." Tibbs v. Williams, 2002 U.S. Dist. LEXIS 26324 (D.D.C. 2002). Thus, the Court should

4

dismiss each individual from the lawsuit because the action is only against the District of Columbia.

        2.        Plaintiff's Official Capacity Claims Are Defective As A Matter Of Law.

The Court articulated the applicable law in District Council 20 v. District of Columbia, 150 F. Supp. 2d 136, 143 (D.D.C. 2001)(parallel citations omitted):

> A local governmental unit is subject to suit under 42 U.S.C. § 1983. Respondeat superior will not suffice to impose section 1983 liability on the District. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The municipality's policy must be the source of the discrimination. The case law has identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, see, e.g., Monell, 436 U.S. at 690, (2) "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law,'" City of St. Louis v. Praprotnik, 485 U.S. 112, 127, (1988) (plurality opinion) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68(1970)); or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority," Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (plurality opinion).

Since an official capacity suit is "tantamount to claims against the municipality itself," Plaintiff's express invocation of respondeat superior as the basis for liability precludes his cause of action against the District.

### III.    CONCLUSION

Plaintiff rests his Complaint explicitly on "Respondeat Superior" as his theory of liability. However, a municipality cannot be held liable on this basis. The Court should therefore dismiss Plaintiff's complaint.

Dated: September 29, 2005

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY JOHNSON /
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov